IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Nos. 3:23-CR-16-KAC-JEM |
| ) | Nos. 3:23-CR-26-KAC-JEM |
| TELLERICK LEJEWELL SIMON, JR., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Tellerick Simon's Motions to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, No. 3:23-CR-16, Doc. 23; *United States v. Simon*, No. 3:23-CR-26, Doc. 10], filed on April 27, 2023. *See* 28 U.S.C. § 636(b).

In his motions, Defendant asks the Court to continue the June 6, 2023 trial date in *United States v. Simon*, No. 3:23-CR-16, and corresponding revocation hearing in *United States v. Simon*, No. 3:23-CR-26. In the Indictment in *United States v. Simon*, No. 3:23-CR-16, Defendant is charged with a conspiracy to distribute and possess with the intent to distribute five kilograms or more of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as possession with intent to distribute five kilograms or more of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant is also alleged to be subject to enhanced penalties under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. According to Defendant, the Government has produced initial discovery, which includes a number of video recordings and documents, but it is anticipated that the Government will provide more discovery. The parties are in regular and productive communication regarding discovery and have also engaged in initial discussions regarding the potential for a negotiated resolution of the matters, but Defendant

asserts that additional time is needed to investigate matters included in the discovery and further discuss a potential resolution of the cases.

Due to the seriousness of the allegations, the ongoing discussions of the parties regarding a potential resolution of these matters, and the further investigation and preparation that still needs to occur to, Defendant asserts that additional time is needed so that counsel can provide effective assistance. Defendant submits that the ends of justice served by granting the requested continuance outweigh Defendant's and the public's interest in a speedy trial and ensure Defendant receives the effective assistance of counsel and zealous representation required by the Sixth Amendment and Tennessee Supreme Court Rules of Professional Conduct. Counsel states that the motions are not being submitted for the purpose of procrastination or unnecessary delay but, rather, because it is impossible for him to analyze the discovery materials, review them with his client, develop any investigative leads that arise from this review, engage in meaningful negotiations to potentially resolve this matter, and otherwise prepare for trial in the time allotted under the current schedule.

The Government does not object to the requested continuance.

Based upon the information provided by Defendant in his motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). It is anticipated that counsel will receive additional discovery beyond the various video recordings and documents he has already received. Counsel will need time to analyze this additional discovery, review it with his client, perform any follow-up investigatory tasks that may arise as a

2

Case 3:23-cr-00026-KAC-JEM    Document 11    Filed 05/08/23    Page 2 of 4    PageID #: 36

result, confer with the Government as to a possible resolution of this case and, if plea negotiations are not fruitful, prepare for trial. All of this cannot be done by June 6, 2023.

The Court therefore **GRANTS** Defendant's Motions to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, No. 3:23-CR-16, Doc. 23; *United States v. Simon*, No. 3:23-CR-26, Doc. 10]. The trial and accompanying revocation hearing are reset to **November 7, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on April 27, 2023, and the new trial date of November 7, 2023, is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Tellerick Simon's Motions to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, No. 3:23-CR-16, Doc. 23; *United States v. Simon*, No. 3:23-CR-26, Doc. 10] are **GRANTED**;

(2) the trial date in *United States v. Simon*, No. 3:23-CR-16, and corresponding revocation hearing in *United States v. Simon*, No. 3:23-CR-26, are reset to commence on **November 7, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **April 27, 2023**, and the new trial date of **November 7, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **June 30, 2023**. Responses to motions are due on or before **July 14, 2023**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 6, 2023**;

(6) the deadline for filing motions *in limine* is **October 23, 2023**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **October 24, 2023, at 10:00 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 27, 2023**.

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge