IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos. 3:23-CR-16-KAC-JEM |
| | ) | 3:23-CR-26-KAC-JEM |
| TELLERICK LEJEWELL SIMON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant's Motion to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, No. 3:23-CR-16, Doc. 35], filed on December 15, 2023.

In his motion, Defendant asks the Court to grant a continuance of the trial date in *United States v. Simon*, No. 3:23-CR-16, and the corresponding revocation hearing in *United States v. Simon*, No. 3:-23-CR-26, as well as to modify all other corresponding deadlines, including the deadline for filing pretrial motions in Case No. 3:23-CR-16. In the Indictment in *United States v. Simon*, No. 3:23-CR-16, Defendant is charged with a conspiracy to distribute and possess with the intent to distribute five kilograms or more of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as possession with intent to distribute five kilograms or more of a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Defendant is also alleged to be subject to enhanced penalties under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851. According to Defendant, the Government produced initial discovery, which includes a number of video recordings and documents, and provided

additional discovery on July 11, 2023 and September 29, 2023. This additional discovery included forensic extractions of four mobile telephones. The Government is still awaiting chemical analysis results on the seized substances alleged to be cocaine in the Indictment. The parties are in regular and productive communication regarding discovery and have also engaged in initial discussions regarding the potential for a negotiated resolution of the matters, but Defendant Simon asserts that additional time is needed to investigate matters included in the discovery and further discuss a potential resolution of the cases. Due to the seriousness of the allegations, the ongoing discussions of the parties regarding a potential resolution of these matters, and the further investigation and preparation that still needs to occur, Defendant asserts that additional time is needed so that counsel can provide effective assistance. Defendant submits that the ends of justice served by granting the requested continuance outweigh Defendant's and the public's interest in a speedy trial and ensure Defendant receives the effective assistance of counsel and zealous representation required by the Sixth Amendment and Tennessee Supreme Court Rules of Professional Conduct. It is submitted that the motions are not being submitted for the purpose of procrastination or unnecessary delay but, rather, because it is impossible for counsel to analyze the discovery materials, review them with his client, develop any investigative leads that arise from this review, engage in meaningful negotiations to potentially resolve this matter, and otherwise prepare for trial in the time allotted under the current schedule. Finally, Defendant states in his motion that amendments to the sentencing guidelines that went into effect on November 1, 2023, impact this case, making criminal history calculations and sentencing guidelines exposure more difficult.

   Defendant informs the Court that the Government does not object to the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel received additional discovery from the Government and needs additional time to analyze this discovery, review it with his client, perform any follow-up investigatory tasks that may arise as a result, confer with the Government as to a possible resolutions of this case and, if plea negotiations are not fruitful, prepare for trial, as well as to review the amended sentencing guidelines and analyze their potential impact on this case. All of this cannot be done by the January 16, 2024 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, **No. 3:23-CR-16, Doc. 35**]. The trial and accompanying revocation hearing are reset to **April 16, 2024**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on December 15, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Tellerick Simon's Motion to Continue Trial and All Corresponding Deadlines [*United States v. Simon*, **No. 3:23-CR-16, Doc. 35**] is **GRANTED**;

(2) the trial date in *United States v. Simon*, No. 3:23-CR-16, and corresponding revocation hearing in *United States v. Simon*, No. 3:23-CR-26, are reset to commence on **April 16, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 15, 2023**, and the new trial date of **April 16, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **January 16, 2024,** and responses to motions are due on or before **January 30, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 15, 2024**;

(6) the deadline for filing motions *in limine* is **April 1, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 2, 2024, at 1:30 PM.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 5, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge